[Civ. No. 21621. Second Dist., Div. One. June 7, 1956.]

HELEN MILLER, Appellant, v. SCHLITZ BREWING COMPANY (a Corporation) et al., Respondents.

Silverberg & Fahrney for Appellant.

Moss, Lyon & Dunn, Henry F. Walker and Joseph A. Kean for Respondents.

110

DORAN, J. As recited in appellant's brief, "This is an action brought by Helen Miller against Schlitz Brewing Company, a corporation, and Associated Brewers Distributing Company, a corporation, to recover for personal injuries.

"Helen Miller sought relief in the amount of twenty-six thousand six hundred sixty dollars ($26,660.00) as compensation for her medical bills, wages lost and damage to her person. In her complaint she charged the co-defendants with negligence in packing a case of beer so that plaintiff was injured when, in the course of her employment, she opened the case and cut her finger on a broken bottle contained therein.

"Each defendant denied the allegation of negligence, issues were formed, and the case was set for trial.

"At the trial, the plaintiff introduced into evidence the testimony of two witnesses which tended to prove the following facts: The plaintiff was employed by the Blue Pacific Cafe in the City of Long Beach, and that on April 21, 1954 a delivery of beer was made by the 'Schlitz man' to the cafe, which plaintiff received and paid for. She was the only one present in the cafe at the time, and obtained a receipt from defendant Associated Brewers Distributing Company.

"Five days later, on April 26, 1954, while plaintiff was moving beer bottles from the case into the cooler, she picked up the bottle which caused her injury. The bottle was in the case, and was broken, so that the top part of the bottle came off in her hand, and the bottom part remained in the case. One witness was present at the time, and testified to the fact that plaintiff was injured by the broken bottle.

"Plaintiff testified that the case which contained the broken bottle was made of paper pasteboard, and that it was in the same place as it had been when delivered. It was the top case in a stack of three cases. The case was sealed when delivered, and remained sealed until plaintiff opened it to remove the bottles at the time of the accident. She didn't move the case at that time, but merely opened it.

"At the conclusion of plaintiff's evidence, the defendants each moved the Court to grant a nonsuit, and each motion was granted, and a nonsuit entered against the plaintiff.

"The only question involved in this case is whether the Trial Court acted properly in granting the motions for judgments of nonsuit."

Appellant relies on the doctrine of res ipsa loquitur and argues that, "There can be no doubt that the plaintiff proved sufficient facts to give rise to an inference of negligence under the doctrine of *res ipsa loquitur,* since, when the evidence is taken in the light most favorable to the plaintiff it is seen that it is more probable than not that the instrument under defendants' control was the cause of the accident. The plaintiff showed all she needed to in order for the inference to arise; it was shown that a sealed carton, delivered by one of the defendants from its exclusive control, contained a broken bottle, and that the plaintiff was more probably than not injured by the bottle, and that the injury probably would not have happened unless there was some negligence and that the defendants, or one of them, was probably the negligent party, and that the plaintiff did not interfere with the instrument after delivery by the defendants, or one of them.

"Wherefore, we respectfully submit that the Trial Court erred in granting the motions for a judgment of nonsuit, because a *prima facie* case was made by the plaintiff."

Respondent Schlitz Brewing Company argues, on the other hand, that, "There is no showing that respondent Brewing Company packed the bottle or bottles in the carton or case or that respondent Brewing Company had anything to do with the packing thereof—much less that said respondent was negligent in respect thereto.

"While there is evidence that plaintiff paid the man who delivered the beer and that she secured from him a receipt by defendant Associated Brewers Distributing Company, there is no showing that respondent Brewing Company delivered the beer to plaintiff's place of employment or had anything to do with the delivery thereof.

"There is no showing of the care or lack of care of the bottles during transportation thereof to plaintiff's place of employment or that respondent Brewing Company was responsible for such transportation or had anything to do therewith.

"There is no showing as to whether the carton was or was not in a damaged or marked or stained condition at any time.

"There is no showing that the bottle was in the possession of respondent Brewing Company or that if it ever was the bottle then was or could have been broken.

"There is no showing that if and while the bottle was in the possession of respondent Brewing Company the bottle was defective and that such defect was or should have been discovered by said respondent Brewing Company through reasonable inspection. Indeed, there is no showing as to what would constitute reasonable inspection or what would or should be discovered thereby," and in general that there was no act of negligence nor is there any evidence of liability so far as the above mentioned respondent is concerned. It is also contended that the evidence is insufficient to invoke the application of the doctrine of res ipsa loquitur.

Respondent Associated Brewers Distributing Company points out that, "The only allegation of negligence in the plaintiff's complaint was the specific allegation that the defendants negligently and carelessly packed said case of Schlitz beer.

"As quoted in the case, *Estate of Luckenbach*, 205 Cal. 292 at 301 [270 P. 961]:

" 'Adopting, as we must, the rules of construction that apply to cases of nonsuit, by indulging every favorable inference fairly deducible and every favorable presumption fairly arising from the evidence, and giving to the contestant the benefit of every piece of evidence which tends to sustain his averments, as fully stated in *Beger* v. *Lane*, 190 Cal. 443 [213 P. 45], and cases cited, it is clear that he has completely failed to make out a *prima facie* case. . . . The inferences and presumptions spoken of must fall within the realm of rationality. There is nothing in contestant's case which amounts to more than mere conjecture, surmise, or suspicion. To justify the submission of any question of fact to a court or jury there must be proof of a *substantial character* that the fact is as alleged.'

"*Estate of Bryson*, 191 Cal. 521 [217 P. 525]." (Emphasis included.)

. . . . . . . . . . . . . .

"In viewing the evidence in the light most favorable to the appellant, there is no evidence and no reasonable inference can be drawn from the evidence that the Associated Brewers Distributing Company at any time packed or had anything to do with the packing of the case of Schlitz Beer. The plaintiff not only failed to have proof of 'substantial character' but failed to have any evidence to establish the averment of the complaint. Consequently, the plaintiff completely failed to make out a *prima facie* case against the

Associated Brewers Distributing Company." It is also argued that, "Elements necessary for the application of the doctrine of res ipsa loquitur were not present."

The doctrine of res ipsa loquitur of course is well known and there are many decisions involving the doctrine. Both appellant and respondents cite from them according to their contended applicability.

It is argued by respondents that, "The reading of the record does not disclose any evidence indicating that the defendant, The Associated Brewers Distributing Company, at any time, had any control over the case of Schlitz Beer or the broken bottle involved in this case," and that, "Plaintiff has utterly failed to establish the various factors which must be shown as a prerequisite to any application of the doctrine."

At the trial the only question appears to have been, who broke the bottle. It even was suggested that the bottle may have exploded. The trial judge commented in part: ". . . You have a broken bottle in a case, now. Is it any more probable that the people in fixing that up at a plant or that the distributor in carrying it down here, broke that one bottle and never broke any others, than it is that somebody else, some third person, might have broken it? Under the circumstances, I do not think so. . . . I think you must show, and the Court must feel that on the basis of probabilities, that this thing happened up there in the plant where this beer was made or that it happened by the distributor on the way down, and that in all probabilities nobody else, as a matter of probability, could or would have done it. I do not see how you can say that is this kind of case. I do not think that it is your exploding case. People can break bottles by doing many things. It might have (been) dropped in such a place by somebody that broke it there, that one bottle only, but an exploding bottle, when a person picks a bottle up or puts it in cold water or something and it explodes in his hand, that isn't the same to me as breaking a bottle. It is a different situation. Bottles break by everybody practically. Dropping milk bottles on a cement or brick sidewalk or there are just hundreds of ways, but there are not hundreds of ways in which an exploding bottle would blow up. I do not think they are similar. I disagree.

"I think a non-suit is proper here and I am going to grant it as to both defendants."

From a review of the record and the law it appears definitely that the judgment of the trial court should not be disturbed on appeal. The judgment therefore is affirmed.

White, P. J., and Fourt, J., concurred.